**Afshin SHOJAEI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70577.
Agency No. A75–706–688.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

---

* The panel unanimously finds this case suitable

Afshin Shojaei, Irvine, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jeffrey J. Bernstein, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Afshin Shojaei, a native and citizen of Iran, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding and the denial of asylum for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Although the IJ found Shojaei not credible, she also found that Shojaei failed to establish past persecution or a well-founded fear of future persecution. We agree.

Even assuming that Shojaei testified credibly, substantial evidence supports the IJ's determination that the treatment Shojaei experienced, including suffering a leg injury while fleeing during the break up of a pro-democracy demonstration and being denied admission to university based on his status as a Sunni Muslim, does not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003).

Because Shojaei failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

The BIA did not err by streamlining Shojaei's case. 8 C.F.R. § 1003.1(a)(7)(iii).

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We find unpersuasive Shojaei's contention that the BIA's decision to reject his late-filed brief was improper. 8 C.F.R. § 1003.3.

Shojaei's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.